Hon. James G. Cushman Town Attorney, Norwich
This is in response to your letter and our subsequent telephone conversation wherein you requested our opinion concerning the power of your town constables to handcuff a defendant who is in the control of the Justice Court. You state that the Norwich Town Board has directed one or more of the town constables to be present during terms of the Justice Court for the purpose of maintaining order. Your inquiry specifically deals with the situation where the Court issues a securing order which commits the defendant to the custody of the sheriff but the sheriff has not arrived at the courthouse. You further inquire as to the compatibility of the offices of town constable and town councilman.
Before any discussion of the powers of town constables occurs, the derivation of those powers must be established. Town Law, § 39
provides:
 "Constables and town policemen shall have all the power and authority conferred upon constables by the general laws of the state and such additional powers, not inconsistent with law, as shall be conferred upon them by the town board. They shall be subject to the general authority and direction of the town board and to such orders and regulations as the town board may prescribe, not inconsistent with law."
We do not believe that an order of the town board directing the constables to appear at the terms of the Justice Court would be inconsistent with any law of the State. It would further appear that the town board could direct the constables to guard defendants during the period prior to the arrival of the sheriff.
The Criminal Procedure Law includes a constable among those defined as and given the limited powers of "peace officers" (CPL, § 1.20 [33] [q]). As such, a town constable would have the duty to prevent a person from escaping from custody and to effectuate this they are authorized to "* * * use physical force when and to the extent he reasonably believes such to be necessary * * *" (Penal Law § 35.30 [1]). Traditionally, the use of handcuffs has been an accepted method of preventing an escape. In 1930, this office rendered an opinion (1930 Opns Atty Gen 113, which we have enclosed for your consideration), relative to the use of handcuffs and we believe its reasoning is still sound. The potential liabilities today, however, are perhaps greater and this should be a consideration when and if the constable contemplates the use of handcuffs. Whether a constable is justified in resorting to handcuffs will depend on the circumstances of each case. As long as he does not abuse his authority and discretion, it is our opinion that he may use handcuffs for the purpose of preventing an escape or rendering more safe the keeping of the accused in custody.
Relative to your inquiry concerning the compatibility of the offices of town constable and town councilman, we have enclosed a 1966 opinion of this office (1966 Atty Gen [Inf Opns] 152), in which we stated that there is a sufficient conflict to prevent the simultaneous holding of both offices by the same person.